## CHICAGO BINDER & FILE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2285.        Decided September 24, 1926.

*Donald E. Currier, C. P. A.,* for the petitioner.
*Arthur H. Fast, Esq.,* for the respondent.

LITTLETON: This proceeding involves a deficiency in income and profits tax of $2,137.85 for the eight-month period ending August 31, 1920. Petitioner claims that it was entitled to deduct a loss through the disposition of its accounts and notes receivable and accounts payable. The Commissioner denied the claim and determined the deficiency here in controversy.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation, engaged in the manufacture and sale of loose-leaf devices at Chicago. It kept its books and rendered its returns on the accrual basis. Its capital stock of the par value of $50,000 was owned by Joseph A. Mudd, Sr., with the exception of a few shares issued to his son and daughter to qualify them as directors.

Early in 1920, Mudd concluded on account of poor health to sell his interest in the business, and in July opened negotiations with one Edward J. Visk, with a view of having him purchase his stock and take over the business of the corporation. In August, 1920, Visk agreed to purchase the entire capital stock of the corporation for $40,000, payable $10,000 in cash and $30,000 by notes, upon condition that the corporation transfer to Mudd all of its cash, accounts and bills receivable and accounts and bills payable and that Mudd execute a bond indemnifying the corporation against all claims for taxes, etc., which might arise as a result of any transactions prior to September 1, 1920. The desire of Visk was that, upon the purchase of the stock by him, the corporation " start with a clean slate " and possess only the plant, machinery, stock on hand, and good will. This condition was agreed to by Mudd and it was therefore agreed between the parties that the sale of the stock should become effective on August 31, 1920. On or about August 31, Visk paid $10,000 in cash and executed a promissory note for $30,000 for the 500 shares of petitioner's stock owned by Mudd. At 11: 00 a. m., September 1, 1920,

a meeting of the board of directors was held, the minutes of which are as follows:

The meeting was attended by Directors Joseph A. Mudd, Sr., Joseph A. Mudd, Jr., and Anna Mary Mudd, representing the entire capital stock outstanding and also Edward J. Visk, John W. Chesney and Charles J. Viskocil were present.

The meeting was called to order by the President, Joseph A. Mudd, Sr., and the minutes of the previous meetings of the Board of Directors and of the stockholders were read and duly approved as read.

Financial statements were submitted and ordered placed on file for future reference.

A dividend was declared and ordered paid to those stockholders of record on the books of the Company on the 31st day of August, A. D., 1920, covering the surplus of the Company as determined by the records of the Company and credited to the account of the stockholders and payable on demand.

Mr. Joseph A. Mudd, Sr., reported that he was about to accept a proposition of Edward J. Visk, John W. Chesney and Charles J. Viskocil, to purchase all of the stock of the Company and which, at the present, is owned by Mr. Joseph A. Mudd, Sr., Joseph A. Mudd, Jr., and Anna Mary Mudd. Thereupon, it being agreeable to all concerned, Mr. Joseph A. Mudd, Sr., Mr. Joseph Mudd, Jr., and Anna Mary Mudd have, for a good and valuable consideration, assigned their certificates of stock in this Company to said Edward J. Visk, John W. Chesney and Charles J. Viskocil, and tender herewith their resignations as Directors and Officers of the Company, respectively, which said resignations were duly accepted.

By motion duly seconded, Edward J. Visk, John W. Chesney and Charles J. Viskocil were duly elected Directors to fill the vacancies caused by the resignations of said Joseph A. Mudd, Sr., Joseph A. Mudd, Jr., and Anna Mary Mudd.

Thereupon, Joseph A. Mudd, Sr., Joseph A. Mudd, Jr., and Anna Mary Mudd submitted to the stockholders and the directors of the petitioner the following proposition:

The undersigned were the owners of all of the capital stock of The Chicago Binder & File Company upon the 31st day of August, A. D., 1920, at which time, at a joint meeting of the Directors and Stockholders of said Company, a dividend covering the surplus of the Company as determined by the records of the Company, was declared and ordered paid to the Stockholders of record on the books of the Company on said 31st day of August, A. D., 1920. And as such Stockholders of record, the undersigned were entitled to receive the amount of the dividend so declared. Also there is due to one of the undersigned, Joseph A. Mudd, Sr., certain sums of money as President and General Manager and for other services rendered The Chicago Binder & File Company.

We the undersigned, do hereby propose that, in consideration of the assumption and payment by Joseph A. Mudd, Sr., of all liabilities of The Chicago Binder & File Company on August 31st, A. D. 1920, the transfer to Joseph A. Mudd, Sr., of all the cash now in bank, all bonds in the possession of the Company and all accounts and bills receivable as shown by the statement rendered on August 31st, A. D. 1920, shall be in full payment and discharge of all obligations due by The Chicago Binder & File Company to the said Joseph A. Mudd, Sr., and we, the undersigned will consider said

transfer to Joseph A. Mudd, Sr., payment in full of all claim or claims that each and all of us may have against said Chicago Binder & File Company by reason of the declaration of the dividend on the first day of September, aforesaid, and every other claim or claims that we may have against said corporation.

There was no liability on the part of the corporation to pay Joseph A. Mudd, Sr., any amount in excess of his regular salary which had been paid.

On the same day, and immediately after the adjournment of the above-mentioned meeting of the directors and stockholders, the new directors and stockholders of the corporation convened and adopted the following resolution:

The meeting was attended by Edward J. Visk, John W. Chesney, and Charles J. Viskocil, being all of the Board of Directors of the Company, and representing all of the capital stock of the Company.

The meeting was called to order by Edward J. Visk.

The minutes of the previous meeting held on this day, were read and duly approved as read.

On motion duly seconded, Mr. Edward J. Visk, was elected President and Treasurer of the Company, John W. Chesney was elected Secretary of the Company and Charles J. Viskocil was elected Vice President of the Company, to hold their respective offices for the ensuing year and to serve until their successors are elected and qualified.

Upon motion duly seconded, Edward J. Visk, President, was also declared the Manager, and as such President and Manager was duly authorized to conduct the business and make all contracts for the Company.

Upon motion duly carried, the salary of Edward J. Visk, as President and Manager was fixed at four thousand dollars ($4,000) per year, ending August 31st, 1921.

A proposition was received from Joseph A. Mudd, Sr., to the effect that he, the said Joseph A. Mudd, Sr., Joseph A. Mudd, Jr., and Anna Mary Mudd, would accept in payment of dividend declared payable to the holders of the capital stock of record on August 31st, 1920, all the cash now in bank to the credit of the Company, all bonds in the possession of the Company and bills and accounts receivable, as shown by statement submitted herewith; that the same to be delivered to Joseph A. Mudd, Sr., and upon motion duly seconded, it was ORDERED that said proposition of Mr. Joseph A. Mudd, Sr., Joseph A. Mudd, Jr., and Anna Mary Mudd be accepted, and the President and Secretary of the Company duly authorize and make, execute and deliver all proper assignment or assignments and transfers necessary to carry into effect the consummation of the above proposition submitted and accepted by the Board of Directors.

The operating net income of the petitioner for the eight months ending August 31, 1920, amounted to $10,278.03.

On August 31, 1920, the corporation had accounts and bills receivable of $36,121.62, and accounts and bills payable of $2,442.22.

Prior to August 31, 1920, the petitioner obtained permission from the Commissioner to change its accounting period from a calendar year to a fiscal year ending August 31. Accordingly, it filed a re-

turn for the eight-month period ending August 31, 1920. The petitioner claimed that it sustained a deductible loss of $33,679.40, being the difference between the accounts and bills receivable and accounts and bills payable. The Commissioner held that the amounts received by Joseph A. Mudd, Sr., in excess of the duly authorized dividend, represented a payment by the corporation to the retiring stockholders in partial liquidation, as a result of which no deductible loss was sustained by it.

*Judgment for the Commissioner.*